IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WILFREDO BARRIOS, No. 21080-112**

**Plaintiff,**

    vs.                                            Case No. 15-cv-1120-DRH

**JAMES N. CROSS, JR.,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Petitioner Wilfredo Barrios is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois ("FCI-Greenville"), located within the Southern District of Illinois. On October 9, 2015, Barrios filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    This is the fourth habeas petition Barrios has filed in this Court. Like the first three, Barrios's petition is aimed at upsetting his conviction and sentence by way of challenging the denial of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

    Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully

reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

## I. Background

### A. History of the Underlying Criminal Case

On September 3, 2003, petitioner was convicted in the Southern District of Indiana of conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count I), and engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a) and (b) (Count II). *United States v. Grant, et al.*, Case No. EV 02-CR-02-05 (S.D. Ind.). He was sentenced to a mandatory life term for Count II.

On direct appeal, the Seventh Circuit ordered a limited remand pursuant to *Booker* and *Paladino*, wherein the district court reaffirmed that it would impose the same sentence as to Count I in light of the advisory nature of the Sentencing Guidelines. *See United States v. Booker*, 543 U.S. 220 (2005); *United States v. Paladino*, 401 F.3d 471, 484 (7th Cir. 2005). The life sentence for Count II was a mandatory minimum sentence, and thus was not subject to reconsideration on the limited remand. Petitioner's conviction and sentence were affirmed.

Petitioner filed a timely motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, raising issues of ineffective assistance of trial and appellate counsel, a defective indictment, violation of his rights under the Vienna Convention (he is a citizen of Guatemala), and improper double punishment under 21 U.S.C. §§ 846 and 848. *Barrios v. United States*, Case No. 07-cv-130

(S.D. Ind., filed Sept. 27, 2007). Petitioner was represented by counsel in that proceeding. The government was ordered to respond, and discovery was allowed—including depositions of petitioner's former trial and appellate counsel. Petitioner was given several extensions of time to file his reply, and the government filed a sur-reply. Ultimately, the district court vacated petitioner's conspiracy conviction under 21 U.S.C. § 846 as a lesser included offense to supervising a continuing criminal enterprise (CCE) under 21 U.S.C. § 848, but denied relief on all of his other claims. *Barrios v. United States*, Case No. 07-cv-130 (S.D. Ind., Doc. 56, Sept. 27, 2012). Petitioner remained subject to the life sentence for the CCE conviction.

Both the district court and the Seventh Circuit declined to issue a certificate of appealability from the order disposing of Barrios's § 2255 motion, and on November 18, 2013, the Supreme Court denied his petition for a writ of *certiorari* (Doc. 1, p. 2).

Having failed to secure relief under § 2255, Barrios turned to § 2241.

**B. History of Previous Habeas Corpus Petitions**

On January 10, 2014, Barrios filed his first § 2241 petition, arguing that his § 2255 motion should not have been denied without a hearing. This Court dismissed the petition on the merits, with prejudice, by Order and Judgment. *See Barrios v. Cross*, Case No. 14-cv-0026-DRH (S.D. Ill Feb. 3, 2014).

On April 4, 2014, Barrios filed his second petition. The second petition mirrored the first, except the respondent was—mistakenly—the United States of

America. The petition was filed in the Southern District of Indiana and transferred to the Southern District of Illinois on April 14, 2014. By Order dated April 30, 2014 ("Dismissal Order"), the petition was dismissed with prejudice and judgment was entered against Barrios. The second petition was characterized as an "abuse of the writ." *See Barrios v. United States*, Case No. 14-cv-0435 (S.D. Ill. April 30, 2014).

Barrios filed his third § 2241 petition in the Southern District of Indiana after the transfer of the second petition but before the Dismissal Order. The third petition was transferred to this district because Barrios is housed at FCI-Greenville, which is within the Southern District of Illinois. This petition too mirrored the January 2014 petition, except that Judge Richard L. Young of the Southern District of Indiana was named as respondent, rather than the warden of FCI-Greenville, and the dismissal of the January 2014 petition was added to the procedural history.

The third petition was dismissed with prejudice and judgment was entered against Barrios for his failure to cite any new legal precedents or factual revelations, and the Court again characterized the petition as an "abuse of the writ." The Court advised Barrios that if he attempted to file an unauthorized fourth § 2241 petition presenting the same argument regarding the denial of a hearing on his § 2255 motion, a monetary sanction would be imposed. *See Barrios v. Young*, 14-cv-0549 (S.D. Ill. June 5, 2014).

Undeterred, Barrios has now filed his *fourth* § 2241 petition with this

Court.[1] Like his three previous petitions, however, it sets forth no new factual or legal revelations that warrant relief.

## II. Current Petition and Discussion

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012); *see also Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Barrios does not challenge the duration of his confinement *per se*. Therefore, § 2241 does not readily appear to be the appropriate avenue for relief. In effect, Barrios is attempting to use § 2241 to allow him to reopen the § 2255 case in the Southern District of Indiana, and/or present a successive, redundant § 2255 petition attacking his conviction and sentence, skirting the requirements for bringing a successive petition, *see* 28 U.S.C. § 2255(h) and (e), and ignoring controlling precedent. The Seventh Circuit, however, has recognized that it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under § 2241. Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy

---

[1] Petitioner filed a second § 2255 motion with the Southern District of Indiana on June 13, 2014. The district court dismissed the action for lack of jurisdiction, Barrios having failed to secure the authorization of the Seventh Circuit to file a second or successive § 2255 motion. *Barrios v. United States*, 14-cv-0108 (S.D. Ind., Doc. 3, Dec. 23. 2014). Barrios filed *another* § 2255 motion in the Southern District of Indiana on June 19, 2015. This motion was similarly dismissed for lack of jurisdiction. *Barrios v. United States*, 15-cv-0085 (S.D. Ind., Doc. 5, June 26, 2015).

under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see Webster v. Daniels*, 784 F.3d 1123, 1135-36 (7th Cir. 2015).

The Antiterrorism and Effective Death Penalty Act of 1996 ("the Act"), 28 U.S.C. § 2244(b)(3), requires appellate permission to file a successive petition for writ of habeas corpus, but that requirement does not apply to petitions such as this, brought pursuant to 28 U.S.C. § 2241. *See Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007) (citing *Felker v. Turpin*, 518 U.S. 651 (1996)). Regardless, the Act reflects the common law tradition under which a successive § 2241 petition will constitute an abuse of the writ if there has been no change in the law or no new factual revelations to warrant consideration of the petition anew. *See Felker*, 518 U.S. at 659-62 (prior to the Act the court had gatekeeping authority over successive habeas petitions); *Gray-Bey v. United States*, 209 F.3d 986, 990 (7th Cir. 2000) (the Act's successive petition rules serve as "guideposts" for § 2241 petitions).

Petitioner's current § 2241 petition does not mirror the first petition he filed with this Court, as did the prior two. However, he has relayed no new factual revelations, nor directed this Court to *new* legal precedents that warrant renewed consideration of his conviction and sentence.

The Seventh Circuit has explained that, in order to fit within the savings clause following its decision in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), a petitioner must show that (1) he relies on a new statutory interpretation case

rather than a constitutional case, (2) he relies on a decision that he could not have invoked in his first § 2255 motion and that applies retroactively, and (3) there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). Under the circumstances, the precedents cited by Barrios must be reviewed.

Petitioner's argument is not an exemplar of coherence, but so far as the Court can ascertain, he argues that the United States Supreme Court's decisions in *Blockburger v. United States*, 284 U.S. 299 (1932), and *Jeffers v. United States*, 432 U.S. 137 (1977), stand for the proposition that the vacation of a conviction for a lesser included offense by necessity renders the conviction for the greater included offense invalid.[2] Applying this allegedly "new substantive rule" to petitioner's case, Barrios argues that the Southern District of Indiana erred in not vacating his CCE conviction along with his conspiracy conviction.

Petitioner's argument does not satisfy *Davenport*. Regardless of whether they are constitutional or statutory interpretation cases, the precedents Barrios relies on are not *new* cases: *Blockburger* was issued in 1932 and *Jeffers* in 1977. Because they are not of recent vintage, Barrios could have relied on them in his initial § 2255 petition. Therefore, neither case triggers application of the savings clause.

Yet again, Barrios has failed to alert this Court to new legal precedents or

---

[2] Barrios goes on to make an irrelevant argument as to the authority of a district court to reinstate a vacated judgment.

factual revelations that warrant renewed consideration of his case. Nothing has changed. Barrios is merely attempting to secure the opinion of another district court. He has clearly abused the writ; consequently, the present § 2241 petition will be dismissed with prejudice.

### III. Sanctions

When this Court dismissed petitioner's third petition, it advised him that the filing of a fourth § 2241 petition that presents the same argument as was contained in the first three petitions (regarding the denial of a hearing on his § 2255 motion) would result in the imposition of a monetary sanction. *Barrios*, 14-cv-0549 (S.D. Ill. June 5, 2014). Petitioner's current petition does not mirror the first three petitions, which were near-carbon copies of each other. It does, however, mark the fourth time since January 2014 that petitioner has failed to cite to new legal precedents or factual revelations demonstrating that § 2255 is inadequate to test the legality of his conviction, and the third time this Court has characterized one of his § 2241 petitions as an abuse of the writ.

In *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997), the Seventh Circuit imposed a monetary sanction and an order that future filings by the petitioner would be deemed denied on the thirtieth day unless the court entered an order to the contrary. *Id.* at 315-16. The Seventh Circuit relied on the principle that courts have "inherent powers to protect themselves from vexatious litigation." *Id.* at 316 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)).

Petitioner's conduct is sanctionable under *Alexander* and runs afoul of Federal

Rule of Civil Procedure 11(b)(1) and (2). Accordingly, petitioner is **ORDERED TO SHOW CAUSE**, no later than 21 days from the date of this Order (on or before November 18, 2015), why this Court should not find him in violation of Rule 11(b). If the Court finds that petitioner has failed to show cause why he should not be sanctioned, petitioner shall be fined $1000.00.

### IV.  Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the petition is **DISMISSED** with prejudice. Judgment shall enter accordingly.

If petitioner wishes to appeal this dismissal, his notice of appeal must be filed with this court within sixty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not

necessary for petitioner to obtain a certificate of appealability in an appeal from this petition brought under §2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

Dated this 28th day of October, 2015.

Digitally signed by Judge David R. Herndon
Date: 2015.10.28 15:49:16 -05'00'

**UNITED STATES DISTRICT COURT**