IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILFREDO BARRIOS
No. 21080-112,

Petitioner,

vs.                                                                  Case No. 15-cv-1120-DRH

JAMES N. CROSS, JR.,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Wilfredo Barrios is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois ("FCI-Greenville"), located within the Southern District of Illinois. Now before the Court is petitioner's response to this Court's show cause order. (*See* Docs. 5, 7.)

Petitioner has filed four petitions for writ of habeas corpus under 28 U.S.C. § 2241 in this District, all of which have concerned the same facts. The second and third petitions were near-carbon copies of the first. The Court dismissed the third petition with prejudice and judgment was entered against petitioner for his failure to cite any new legal precedents or factual revelations. As it did with the second petition, the Court characterized the third petition as an "abuse of the writ." Additionally, the Court advised petitioner that if he attempted to file an unauthorized fourth § 2241 petition presenting the same argument regarding the

denial of a hearing on his previous 28 U.S.C. § 2255 motion, a monetary sanction would be imposed. *See Barrios v. Young*, 14-cv-0549 (S.D. Ill. June 5, 2014).

Petitioner filed his fourth habeas corpus petition on October 9, 2015. On October 28, 2015, this Court dismissed the petition, again characterizing it as an abuse of the writ. While this fourth petition was not a mirror image of the first three, it did mark the fourth time that petitioner had failed to cite to new legal precedents or factual revelations demonstrating that § 2255 is inadequate to test the legality of his conviction, and the third time this Court characterized one of his § 2241 petitions as an abuse of the writ. Therefore, pursuant to Federal Rule of Civil Procedure 11(b)(1) and (2) and *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997), the Court ordered petitioner to show cause why he should not be found in violation of Rule 11(b). The Court admonished petitioner that if he failed to show cause as to why he should not be sanctioned, he would be fined one thousand dollars ($1,000.00).

Thereafter, petitioner timely responded to the show cause order. The response, however, fails to demonstrate why he should not be sanctioned. Accordingly, **IT IS HEREBY ORDERED** that petitioner Wilfredo Barrios is **SANCTIONED** with **a ONE THOUSAND DOLLAR ($1,000.00) FINE**, to be paid before any other civil litigation will be filed. This fine is in addition to any other filing fees owed to this district. The Clerk of Court is **DIRECTED** to return all civil pleadings unfiled until the sanction is paid, and all habeas corpus filings shall be summarily dismissed thirty days after filing, unless otherwise ordered by the

Court. Documents submitted in connection with any appeal are excluded from the sanction.

    **IT IS SO ORDERED.**

    **Signed this 29th day of December, 2015.**

                                                     Digitally signed by Judge David R. Herndon
Date: 2015.12.29 13:48:10 -06'00'

                                                     **United States District Judge**